KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
Mark F. Anderson (SBN 44787)
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151

(Additional counsel appear on signature page)

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORRIS and GLENN R. SEMOW, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | CIVIL ACTION NO. C 07-2827 <br><br> <u>CLASS ACTION</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

Plaintiffs, Kevin Morris ("Morris") and Glenn R. Semow ("Semow")(collectively "Plaintiffs"), bring this action against Defendant, BMW of North America, LLC ("BMW" or "Defendant"), on behalf of themselves and all others similarly situated, and allege upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

### INTRODUCTION

1. Plaintiffs bring this action to obtain restitution, disgorgement, injunctive and other relief individually and on behalf of the proposed classes defined below ("Classes" or "Class").

2. This action is brought to remedy violations in connection with Defendant's design, manufacture, marketing and distribution of 2006 and 2007 BMW 3 series vehicles equipped with run-flat tires manufactured by Bridgestone Firestone North American Tire, LLC ("Bridgestone")("subject vehicles"). The tires on the subject vehicles wear unevenly and prematurely, resulting in an extremely rough ride and excess noise from the tires. In addition, the
*Kevin Morris, et al. v. BMW of North America, LLC*     CLASS ACTION COMPLAINT

tires on the subject vehicles must be replaced prematurely -- in many cases after less than 10,000 miles.

3. Plaintiffs assert claims individually and/or collectively under the Unfair Competition Law ("UCL" or "Section 17200"), Business and Professional Code § 17200 *et seq.*, the California Secret Warranty Act ("Secret Warranty Act"), Civil Code § 1795.90 *et seq.*, the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.* and the Song-Beverly Act, Civil Code § 1790 *et seq.*, on behalf of themselves and the Class.

## THE PARTIES

4. Plaintiff, Morris, is and at all times relevant to this action has been, a resident of Ross, California. On or about August 4, 2005, Morris purchased a new 2006 BMW 330i (VIN WBAVB33596KR79097), equipped with Bridgestone Turanza EL42 RFT run-flat tires ("Turanza run-flat tires"), from Courtesy Motors, an authorized BMW dealership located in Chico, California.

5. Plaintiff, Semow, is and at all times relevant to this action has been, a resident of Oakland, California. On or about September 25, 2006, Semow purchased a new 2006 BMW 330i (VIN WBAVB335X6KS31426), equipped with Bridgestone Potenza RE050 run-flat tires ("Potenza run-flat tires") from Weatherford BMW, an authorized BMW dealership located in Emeryville, California.

6. Defendant, BMW, is a Delaware corporation with its principal place of business in New Jersey. BMW does business throughout California, including throughout this district. BMW maintains a principal place of business in California, located in Ontario, San Bernardino County, California. Plaintiffs' Declarations, as required under Cal. Civ. Code § 1780(c), reflecting that BMW does business in this judicial district, including the county in which this Court sits, are attached collectively as Exhibit "A."

## JURISDICTION AND VENUE

7. This action is brought to remedy Defendant's violations of state consumer protection and related statutes based upon the design, manufacture, marketing and distribution of the subject vehicles.

1.  8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which certain Class members are citizens of states other than those of Defendant.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant does business in this district, Plaintiffs reside in this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## CLASS ACTION ALLEGATIONS

10.  Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of themselves and the following Classes:

**Turanza Class:**

All current and former owners and lessees of 2006 and 2007 BMW 3 series vehicles equipped with Turanza EL42 RFT run-flat tires manufactured by Bridgestone and sold or leased in California ("Turanza Class").

**Potenza Class:**

All current and former owners and lessees of 2006 and 2007 BMW 3 series vehicles equipped with Potenza RE050 run-flat tires manufactured by Bridgestone and sold or leased in California ("Potenza Class").

Excluded from the Classes are Defendant, as well as Defendant's affiliates, employees, officers and directors, including franchised dealers, any person who has experienced physical injury as a result of the defects at issue in this litigation, and the Judge to whom this case is assigned. Plaintiffs reserve the right to amend this Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

11.  The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs reasonably estimate that there are thousands of Class members who purchased the subject vehicles. The members of the Class are readily identifiable from information and records in Defendant's possession, custody or control. The disposition of these claims will provide substantial benefits to the Class.

12.  There are questions of law and fact common to the members of the Class that

predominate over any questions affecting only individual Class members, including, but not limited to, the following:

   a. Whether Defendant omitted and/or concealed material facts from Plaintiffs and the Class regarding the defective Turanza and Potenza run-flat tires;

   b. Whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair or unlawful business practices with respect to the sale of the subject vehicles;

   c. Whether, by its conduct, Defendant violated the UCL;

   d. Whether, by its conduct, Defendant violated the CLRA;

   e. Whether, by its conduct, Defendant violated the Sony-Beverly Act;

   f. Whether the run-flat tires are defective; and

   g. Whether, as a result of Defendant's misconduct, Plaintiffs and the Class are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

   13. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are not subject to any unique defenses.

   14. Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.

   15. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

   a. It is economically impractical for members of the Class to prosecute individual actions;

   b. The Class is readily definable;

   c. Prosecution as a class action will eliminate the possibility of repetitious litigation; and

   d. A class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

   16. Plaintiffs do not anticipate any difficulty in the management of this litigation.

   17. Defendant has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

*Kevin Morris, et al. v. BMW of North America, LLC*    CLASS ACTION COMPLAINT    Page 4

## SUBSTANTIVE ALLEGATIONS

18. This class action is brought on behalf of all current and former owners and lessees of the subject vehicles sold or leased in California.

19. The subject vehicles at issue are manufactured, marketed and sold by BMW through its established network of licensed dealers and distributors.

20. The Turanza and Potenza run-flat tires are manufactured by Bridgestone and, pursuant to an agreement between the companies, are furnished by Bridgestone to BMW for the express purpose of placing them on the subject vehicles prior to the distribution and sale of the subject vehicles to the public. The Turanza run-flat tires are placed on the majority of the subject vehicles, while the Potenza run-flat tires are placed on certain versions of the subject vehicles equipped with a "Sport" package.

21. Prior to marketing and selling the subject vehicles to the Plaintiffs and members of the Class, Defendant knew or should have known that the Turanza and Potenza run-flat tires were defective, resulting in premature and uneven tire wear (including excessive noise), requiring that the tires be replaced after being used, in many cases, less than 10,000 miles, and that such wear was not consistent with the reasonable expectations of consumers regarding tread wear on the subject vehicles. In spite of that knowledge, BMW placed the run-flat tires on the subject vehicles. Vehicles used primarily for personal use are typically driven between 12,000 and 15,000 miles a year. Thus, the tires on the subject vehicles typically last less than 18 months (and often less than 12 months) under normal driving conditions.

22. Prior to marketing and selling the subject vehicles to Plaintiffs and members of the Class, Defendant knew or should have known that the need to replace the run-flat tires after as little as 10,000 miles (or less) was a material fact that should have been disclosed to the public.

23. Prior to marketing and selling the subject vehicles to Plaintiffs and members of the Class, BMW, as the manufacturer of the subject vehicles, performed, or should have performed, testing on the Turanza and Potenza run-flat tires, to determine that the tires were subject to premature and uneven tire wear (and excessive noise).

1    24.     Notwithstanding its knowledge, BMW knowingly and purposefully failed to
2    disclose to Plaintiffs and members of the Class that the run-flat tires had an unreasonably short
3    life-span and would require far more frequent replacement than normal tires.
4       25.     Defendant's omissions are particularly egregious in light of the fact that the run-
5    flat tires are appreciably more expensive than conventional tires and, thus, owners and lessees of
6    the subject vehicles are not only required to replace the run-flat tires more frequently than
7    anticipated, but they must also do so at extraordinary expense.
8       26.     After receiving numerous complaints from owners of the subject vehicles, BMW,
9    in January 2007, issued a Technical Service Bulletin No. SI B 36 06 06 ("TSB"), acknowledging
10   that the irregular and premature tire wear and attendant loud noise was occurring, often at less
11   than 10,000 miles.
12      27.     Upon information and belief, although the TSB did not expressly reference the
13   Potenza run-flat tires, those tires, likewise, are suffering from the same premature and uneven tire
14   wear and attendant noise.
15      28.     The TSB issued by BMW constitutes a secret warranty adjustment program
16   pursuant to which BMW, with respect to the subject vehicles equipped with the Turanza run-flat
17   tires, now (a) automatically pays for full replacement of tires (including 100% of labor)
18   experiencing premature and/or irregular tire wear prior to 10,000 miles and (b) automatically
19   pays for fifty percent (50%) of the replacement of tires (including 100% of labor) experiencing
20   premature and/or irregular tire wear prior to 20,000 miles. BMW, however, has failed and
21   refused to notify customers, including Plaintiff Morris, regarding the existence of the secret
22   warranty program in the manner required by the Secret Warranty Act.
23      29.     The secret warranty program offered to pay for all or part of the cost of repairing a
24   condition in the subject vehicles that may substantially affect the vehicles' durability, reliability
25   and/or performance and did not amount to ad hoc adjustments on a case-by-case basis but,
26   instead, constituted a formal program or policy to cover certain repairs under the subject
27   vehicles' warranty for members of the Turanza Class.
28      30.     In light of Defendant's knowledge regarding the defects and problems detailed

Kevin Morris, et al. v. BMW of North America, LLC    CLASS ACTION COMPLAINT    Page 6

above, the provision of a limited warranty with respect to the subject vehicles and their tires, under all of these circumstances, constitutes an unlawful, unfair and fraudulent business practice, and, under all of the circumstances, the limited warranties accompanying the subject vehicles are unconscionable.

**Plaintiff Morris' Experiences With His BMW**

31. On or about August 4, 2005, Morris purchased a new 2006 BMW 330i equipped with Turanza run-flat tires from Courtesy Motors, an authorized BMW dealership located in Chico, California. The purchase was made pursuant to a written contract of sale for Morris's personal use.

32. At the time of the purchase, Defendant failed to disclose that the Turanza run-flat tires were defective and would experience premature and uneven tread wear (and attendant loud noise) requiring that the tires be replaced, often after being used for less than 10,000 miles.

33. Following his purchase, Morris operated his vehicle in a manner consistent with its intended use. On or about January 15, 2007, Morris took his vehicle to Sonnen BMW (his odometer read 15,416) because his tires were making excessive noise while he was driving his vehicle. The dealer recommended that all four tires be replaced. On March 27, 2007, Morris had all four tires replaced at Sonnen BMW. He was required to pay for two of the replacement tires, at a total cost of $450 plus sales tax.

**Plaintiff Semow's Experiences With His BMW**

34. On or about September 25, 2006, Semow purchased a new 2006 BMW 330i equipped with Potenza run-flat tires from Weatherford BMW, an authorized BMW dealership located in Emeryville, California. The purchase was made pursuant to a written contract of sale for Semow's personal use.

35. At the time of the purchase, Defendant failed to disclose that the Potenza run-flat tires were defective and would experience premature and uneven tread wear requiring that the tires be replaced, often after being used for less than 10,000 miles.

36. Following his purchase, Semow operated his vehicle in a manner consistent with its intended use. On or about December 19, 2006, Semow took his vehicle to Weatherford BMW

and was informed that the rear tires were worn and would need to be replaced (even though the vehicle had only been driven 16,214 miles). The dealership informed Semow that it would cost $1,000 to replace the two run-flat tires ($500 per tire). Rather than pay $1,000 to Weatherford BMW to replace the prematurely worn tires, Semow took his vehicle to an independent repair facility, which replaced the two tires for $771.25 on December 23, 2006.

37. Semow contacted BMW and placed the company on notice that he was required to replace the prematurely worn tires at great cost to himself. BMW refused to reimburse Semow for the costs he was forced to incur in replacing the Potenza run-flat tires.

### BMW's Express Warranty

38. BMW provides Plaintiffs and Class members with an express, written warranty covering 4 years or 50,000 miles, whichever comes first.

39. Although BMW's express warranty purports to disclaim coverage for tires, BMW knew or should know that the Turanza and Potenza run-flat tires it selected and placed on the subject vehicles prior to marketing and selling the subject vehicles to Plaintiffs and the Class were defective and would experience significant premature and uneven tread wear (and excessive noise), requiring that the tires be replaced after being used for, in many instances, less than 10,000 miles. As such, BMW's attempt to disclaim any and all coverage for the run-flat tires, in the face of its knowledge and conduct, was unconscionable and void.

40. Plaintiffs and Class members have satisfied all obligations and preconditions necessary to qualify for warranty coverage.

### FIRST CAUSE OF ACTION
(Violations Of The UCL And Secret Warranty Act)

41. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

42. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Class.

43. Plaintiffs are and, at all pertinent times, were consumers within the meaning of the Secret Warranty Act, Civil Code § 1795.90(a).

44. Defendant BMW is, and at all pertinent times, was a manufacturer within the meaning of the Secret Warranty Act, Civil Code § 1795.90(b).

45. BMW adopted an adjustment program within the meaning of the Secret Warranty Act, Civil Code § 1795.90(b), when it adopted and implemented said program through issuance of the TSB in January 2007.

46. Upon information and belief, BMW adopted the secret warranty program more than ninety (90) days prior to this date and, as reflected above, this adjustment program addressed conditions that may substantially affect the subject vehicles' durability, reliability or performance.

47. Despite establishing the adjustment program identified above, BMW has failed and refused to notify owners and lessees of the subject vehicles equipped with Turanza run-flat tires as to the existence of these programs as required by the Secret Warranty Act, and, upon information and belief, has no intention of so notifying owners and lessees of the subject vehicles. In addition, BMW has failed and refused to establish a procedure to reimburse consumers who are eligible under an adjustment program and who incur expenses for repair of a condition (i.e., replacement of tires) prior to acquiring knowledge of the adjustment program.

48. By the foregoing conduct, BMW has failed to comply with the Secret Warranty Act.

49. By failing to extend the TSB to the Potenza run-flat tires, BMW engaged in unfair practices under Section 17200.

50. Defendant has engaged in unfair, unlawful, and fraudulent business practices as set forth above.

51. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Section 17200.

52. Defendant's acts and practices have deceived and/or are likely to deceive members of the consuming public and impact the public interest.

53. Defendant's challenged policies and practices cause harm to victims (here, the Class), which outweighs any purported benefit attributable to these policies and practices.

1  54.  Defendant's acts and practices are unlawful because they violate Civil Code §§
2  1572, 1709, 1710, 1750 *et seq.*, 1770 *et seq.*, 1790 *et seq.*, 1795.90 *et seq.*, and because they rise
3  to the level of a breach of the implied warranty of merchantability.
4  55.  Plaintiffs have suffered injury in fact, including, but not limited to, paying more to
5  replace the run-flat tires more frequently than they reasonably anticipated and diminution in
6  value of the subject vehicles.
7  56.  Defendant's violations of Section 17200 and BMW's violation of the Secret
8  Warranty Act continue through the date of this Complaint's filing and, absent a Court order,
9  Defendant will not comply with its obligations under Section 17200.
10  57.  Plaintiffs, on their own and on behalf of all members of the Class, seek a court
11  order requiring Defendant to immediately desist the above-described acts of unfair competition
12  and for all further relief which is available, appropriate and just to grant, under the UCL and the
13  Secret Warranty Act, including attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ.
14  Proc. § 1021.5.

### SECOND CAUSE OF ACTION
### (Violations Of The CLRA)

17  58.  Plaintiffs reallege and incorporate the above allegations by reference as if set forth
18  fully herein.
19  59.  Plaintiffs bring this cause of action on behalf of themselves and the Class.
20  60.  At all relevant times, Plaintiffs were each a "consumer," as that term is defined in
21  Civ. Code § 1761(d).
22  61.  At all relevant times, the subject vehicles constituted "goods," as that term is
23  defined in Civ. Code § 1761(a).
24  62.  At all relevant times, Defendant was a "person," as that term is defined in Civ.
25  Code § 1761(c).
26  63.  At all relevant times, Plaintiffs' purchases of the subject vehicles with the
27  Bridgestone run-flat tires constituted a "transaction," as that term is defined in Civ. Code §
28  1761(e).

64. At all relevant times, Defendant provided "services" to Plaintiffs and the Class, within the meaning of Civil Code § 1761(b).

65. The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (19) inserting an unconscionable provision in [a] contract." Civil Code § 1770(a)(19).

66. By excluding tires from coverage under the warranty provided with the subject vehicles at a time when Defendant knew or should have known that the run-flat tires were defective and would need to be replaced frequently (often after less than 10,000 miles), Defendant violated the CLRA by inserting an unconscionable provision in a contract with no warranty coverage for the run-flat tires.

67. Defendant's violations of the CLRA occurred as a result of common misrepresentations, omissions and statements of material facts that were important to Plaintiffs and to all Class members, and upon which Plaintiffs and all Class members relied upon and/or reasonably could be expected to rely upon under all of the circumstances.

68. Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770.

69. Plaintiffs and the Class are also entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

70. Plaintiffs and Class members, as described herein, have suffered damages and/or injury in fact as a result of Defendants' violations of the CLRA.

71. Under Civil Code § 1782(a), the required thirty (30) day notice was provided to Defendant before the filing of this Complaint pursuant to Civil Code § 1782(d) but, nevertheless, Defendant failed and refused to take appropriate corrective action. Moreover, since no claim for damages is asserted in this Complaint at this time under the CLRA, and only injunctive relief is currently sought, and Plaintiffs have again provided Defendant with notice under the CLRA, Defendant will be afforded an additional thirty (30) days in which to cure its breaches of the CLRA, and to correct, repair, replace and otherwise rectify the violations of Civil Code § 1770,

1  before it faces any potential claim for damages under the CLRA.

**THIRD CAUSE OF ACTION**
**(Violations Of The Song-Beverly Act - Implied Warranty)**

72. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

73. The subject vehicles are "consumer goods," as that term is defined by the Song-Beverly Act.

74. BMW is a "manufacturer," as that term is defined by the Song-Beverly Act.

75. Plaintiffs are "buyers," as that term is defined by the Song-Beverly Act.

76. At all pertinent times, BMW also was a merchant in the sale of the subject vehicles to Plaintiffs and the Class members and, by operation of law, BMW provided Plaintiffs and the Class members with an implied warranty of merchantability in the sale and lease of the subject vehicles.

77. During the manufacturing process, and prior to the placement of the run-flat tires on the subject vehicles, as well as prior to marketing and selling the subject vehicles, BMW, through testing or other means, knew or should have known that the Turanza and Potenza run-flat tires were defective and subject to premature and uneven tire wear (and excessive noise).

78. Plaintiffs' vehicles and the subject vehicles are not fit for the ordinary purposes for which such automobiles are used, because the premature and uneven tire wear (and excessive noise) at issue results in the occupants of the subject vehicles being forced to drive on significantly impaired tires, or face the risk of having to do so, which does not meet with the reasonable expectations of Plaintiffs or any other owners and lessees as to the manner in which the subject vehicles should perform when used for their ordinary purposes, because the manner in which the subject vehicles perform is so deficient and below a minimum level of quality so as to render them unfit for their ordinary use and purpose.

79. By the conduct described herein, including, but not limited to, marketing and selling the subject vehicles with the condition described in this Complaint, as well as by failing to repair the subject vehicles by replacing the run-flat tires as needed, BMW breached the

implied warranty of merchantability.

80. Plaintiffs and the Class members have been damaged as a result of BMW's breach of the implied warranty of merchantability.

81. Plaintiffs and Class members are entitled to all remedies available under the Song-Beverly Act for breach of implied warranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

A. An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B. Restitution and disgorgement to the extent permitted by applicable law, together with interest thereon from the date of payment, to the victims of such violations;

C. Civil penalties to the extent permitted by applicable law;

D. To the extent that Defendant has continued to market and sell the subject vehicles, and otherwise engage in the conduct challenged in this action, an order requiring Defendant to immediately cease its wrongful conduct as set forth above, as well as enjoining Defendant from continuing to conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; and an order requiring Defendant to engage in a corrective notice campaign;

E. For reasonable attorneys' fees and the costs of prosecuting this action;

F. For statutory pre-judgment interest; and

G. For such other relief as this Court may deem just and proper.

## JURY DEMAND

2  Plaintiffs demand a trial by jury on all causes of action so triable.

5  Dated: May 30, 2007

KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP

By: /s/ Anderson

Mark F. Anderson (SBN 44787)
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151

Of Counsel:

James E. Miller
Karen M. Leser (SBN 231189)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120

James C. Shah
Nathan C. Zipperian
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883

Attorneys for Plaintiffs

Exhibit A
Morris v BMW Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN MORRIS and GLENN R. SEMOW, On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

BMW OF NORTH AMERICA, LLC,

Defendant.

CIVIL ACTION NO.

CLASS ACTION

JURY TRIAL DEMANDED

## DECLARATION OF KEVIN MORRIS

I, Kevin Morris, declare under penalty of perjury as follows:

1. I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information or belief, which I believe to be true.

2. I am an adult citizen of the State of California. I reside in Ross, California and I am a named Plaintiff in this litigation.

3. I purchased a new 2006 BMW 330i equipped with Bridgestone Turanza EL42 RFT run-flat tires on or about August 4, 2005 from Courtesy Motors in Chico, California.

4. To the best of my knowledge, information and belief, Defendant, BMW of North America, LLC, is a Delaware corporation that does business throughout this judicial district, including the county in which this Court sits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___ day of May, 2007 at Ross, California.

_____
Kevin Morris

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN MORRIS and GLENN R. SEMOW, On Behalf of Themselves and All Others Similarly Situated, | : : : : : | CIVIL ACTION NO. |
| Plaintiffs, | : : | CLASS ACTION |
| vs. | : : | |
| BMW OF NORTH AMERICA, LLC, | : : | |
| Defendant. | : : | JURY TRIAL DEMANDED |

## DECLARATION OF GLENN R. SEMOW

I, Glenn R. Semow, declare under penalty of perjury as follows:

1. I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information or belief, which I believe to be true.

2. I am an adult citizen of the State of California. I reside in Oakland, California and I am a named Plaintiff in this litigation.

3. I purchased a new 2006 BMW 330i equipped with Bridgestone Potenza RE050 run-flat tires on or about September 25, 2006 from Weatherford BMW in Emeryville, California.

4. To the best of my knowledge, information and belief, Defendant, BMW of North America, LLC, is a Delaware corporation that does business throughout this judicial district, including the county in which this Court sits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of May, 2007 at Oakland, California.

_____
Glenn R. Semow