**KEMNITZER, ANDERSON,**
   **BARRON & OGILVIE & BREWER, LLP**
Mark F. Anderson (SBN 44787)
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Fax: (415) 861-3151

**Attorneys for Plaintiffs**

**LEWIS BRISBOIS BISGAARD & SMITH LLP,**
ROY M. BRISBOIS, SB# 53222
brisbois@lbbslaw.com
JON P. KARDASSAKIS, SB# 90602
kardassakis@lbbslaw.com
221 North Figueroa Street, Suite 1200,
Los Angeles, CA 90012,
Telephone: 213.250.1800,
Facsimile: 213.250.7900

**Attorneys for Defendant,**
**BMW OF NORTH AMERICA, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORRIS, and GLENN R. SEMOW, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendants. | CASE NO. C 07-02827 WHA<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 20, 2007 |

Plaintiffs, Kevin Morris ("Morris"), Glenn R. Semow ("Semow") and Chad J. Cook ("Cook")(collectively "Plaintiffs"), and Defendant, BMW of North America, LLC ("BMW" or "Defendant"), through their respective counsel of record, respectfully submit this Joint Case Management Statement pursuant to Civil Local

Rule 16-9 and, in support thereof, state as follows:

**1.   Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because plaintiffs allege the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which certain class members are citizens of states other than those of Defendant. There are no issues with respect to venue or personal jurisdiction and all parties to the action have been served.

**2.   Facts**

Plaintiffs have commenced this class action against Defendant alleging statutory violations in connection with the design, manufacture, marketing and distribution of 2006 and 2007 BMW 3 series vehicles equipped with run-flat tires manufactured by Bridgestone Firestone North American Tire, LLC ("subject vehicles"), alleging, *inter alia*, that the tires on the subject vehicles wear prematurely. Plaintiffs further assert that BMW, through the issuance of a technical service bulletin ("TSB"), has implemented a secret warranty program, whereby it pays for certain parts and labor charges associated with replacing the prematurely worn tires, but that it has failed to provide notice of the program to Plaintiffs and class members. Plaintiffs have asserted claims, individually and collectively, under the Unfair Competition Law ("UCL" or "Section 17200"), Business and Professional Code § 17200 *et seq.*, the California Secret Warranty Act ("Secret-Warranty Act"), Civil Code § 1795.90 *et seq.*, the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.* and the Song-Beverly Act, Civil Code § 1790 *et seq.* BMW denies Plaintiffs' claims and denies that the subject vehicles and/or accompanying tires were defective in any respect, or that Defendant acted in violation of any applicable law.

**3.   Legal Issues**

Plaintiffs contend the principle legal issues include:

(a)    Whether BMW's issuance of the TSB, and concomitant failure to notify Plaintiffs and class members of the TSB, constituted a violation of the Secret-Warranty Act;

(b)    Whether the run-flat tires are defective;

(c)    Whether BMW's attempts to disavow liability for the premature tire wear by exempting tire wear from its express warranty, in the face of its alleged knowledge of the premature tire wear, constituted a violation of the CLRA;

(d)    Whether BMW's conduct is unfair, fraudulent and illegal and violates the UCL;

(e)    Whether BMW's conduct constituted a violation of its implied warranty under the Song-Beverly Act; and

(f)    Whether Plaintiffs' claims are suitable for class treatment.

Defendant contends the principle legal issues include:

(g)    Whether the BMW Tire Center Target Satisfaction Program is an "adjustment program" within the meaning of Cal. Civil Code §1795.92(a).

(h)    Whether the BMW Tire Center Target Satisfaction Program for certain Turanza tires is an "adjustment program" for other types of tires (e.g., Potenza tires) within the meaning of Cal. Civil Code § 1795.92(a).

(i)    Whether it is "unconscionable" for an automobile distributor to exclude tires from an automobile warranty.

(j)    Whether an automobile distributor's warranty is a "contract" within the meaning of Cal. Civil Code §1770(a)(19) (which makes it unlawful for any person "in a transaction intended to result or which results in the sale or lease of goods or services to any consumer" to "[i]nsert[] an unconscionable provision in [a] contract") where a consumer purchases or leases an automobile from an independent dealer and the consumer has no contact with, and provides no consideration to, the automobile distributor.

(k)    Whether a claim for breach of an implied warranty of merchantability

requires privity of contract between a plaintiff and defendant under California law.

(l)  Whether an automobile driven safely and reliably is unfit for its ordinary purpose and unmerchantable under California law because one or more tires wear out.

**4. Motions**

BMW filed a Motion to Dismiss Plaintiffs' Complaint, which Complaint was filed on May 31, 2007. By agreement of the parties, Plaintiffs filed an Amended Complaint on August 31, 2007. BMW anticipates filing a Motion to Dismiss the Amended Complaint. Plaintiffs anticipate filing a Motion for Class Certification after a reasonable period for discovery. The parties have agreed upon a discovery schedule, which is set forth in Section 17 below.

**5. Amendment of Pleadings**

Plaintiffs filed an Amended Complaint on August 31, 2007. The parties propose the deadline for amending pleadings to be set for sixty (60) days before the close of discovery.

**6. Evidence Preservation**

Plaintiffs have preserved all documents in their possession, custody and control which relate to this action.

Defendant has communicated to those persons believed to potentially have information related to the claims made in the suit the need to preserve all documents that relate to the Bridgestone Turanza and Potenza run-flat tires of the 2006 and 2007 3 Series vehicles.

**7. Disclosures**

Plaintiffs do not propose any changes with respect to the timing, form or requirements for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure and intend to make their disclosures under Rule 26(a)(1) on or before September 20, 2007. Defendant does not propose any changes with respect to the form or requirements for disclosures under Rule 26(a). Defendant proposes that the

time in which the parties should be required to make disclosures under Rule 26(a)(1) should be deferred until Defendant answers. Defendant's position is that the parties should not be required to undertake the burden and expense of disclosures unless and until plaintiffs are able to file a viable claim that survives a motion to dismiss or Defendant files an Answer rather than a motion to dismiss.

8. **Discovery**

Plaintiffs may seek to exceed the limitation on the number of interrogatories and depositions per party but will only seek such leave if, after discovery commences in this action, they reasonably determine that such leave is necessary. Plaintiffs will present any such request to the Court by motion. Defendant does not believe that discovery should commence until Defendant answers. Defendant's position is that the parties should not be required to undertake the burden and expense of discovery unless and until plaintiffs are able to file a viable claim that survives a motion to dismiss or defendant files an Answer rather than a motion to dismiss. Plaintiffs oppose Defendants' request for a discovery stay. Defendants may seek to exceed the limitation on the number of interrogatories and depositions per party but will only seek such leave if, after discovery commences in this action, they reasonably determine that such leave is necessary. Defendants will present any such request to the Court by motion.

Plaintiffs believe that discovery may or will be needed on the following subjects:

    the marketing and sale of the subject vehicles;

    the number of subject vehicles sold in California;

    the extent to which the tires on the vehicles are defective and subject to premature wear.

    the costs or expenses incurred by consumers in repairing or replacing the tires;

the implementation by BMW of it secret warranty program and the provision, or lack thereof, to Plaintiffs and class members regarding the same;

BMW's knowledge of the premature tire wear; and

BMW's alleged defenses.

Defendant believes that discovery may or will be needed on the following subjects:

plaintiffs' maintenance of their vehicles including the tires;

the type of driving plaintiffs did including loading of the vehicles;

experience of purchasers/lessees regarding tire wear;

expectations of purchasers/lessees regarding tire wear;

experience of purchasers/lessees regarding expense of tire replacement;

expectations of purchasers/lessees regarding expense of tire replacement;

purchasers/lessees experience with run-flat tires; and

purchasers/lessees reasons for selecting vehicles with Potenza or Turanza tires.

## 9. Class Actions

The parties have agreed to a proposed scheduling order, which includes a schedule for class certification (*see* Section 17 below).

## 10. Related Cases

The parties are unaware of any other related case pending in this district, or any state or other federal court at this time. The parties agree that should either party become aware of the pendency of a related action, they will notify each other and the Court of said action within ten (10) days.

## 11. Relief

By way of their action, Plaintiffs seek (1) an order certifying the case as a class action and appointing Plaintiffs and their counsel to represent the proposed class; (2) restitution and disgorgement, including interest; (3) compliance with the

Secret-Warranty Act, including compliance with the notice requirements contained therein; (4) reasonable attorneys' fees and costs; and (5) such other relief as the Court may deem just and proper. Defendant believes that Plaintiffs are not entitled to any relief of any kind.

## 12. Settlement And ADR

The parties have complied with ADR L.R. 3.5 and timely submitted a stipulation regarding alternative dispute resolution. Specifically, the parties have agreed to utilize private mediation following completion of the briefing on Plaintiffs' Motion for Class Certification, but prior to any adjudication on Plaintiffs' Motion for Class Certification. The parties have also agreed that, if the circumstances so warrant, they would consider utilizing the services of a private mediator at an earlier stage in the litigation.

## 13. Consent To Magistrate Judge For All Purposes

The parties have considered and discussed the possibility of requesting that a Magistrate Judge preside and have agreed that, in this case, they would prefer that the Honorable William H. Alsup retain jurisdiction over this matter.

## 14. Other References

The parties do not presently believe that the matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties do not believe that any material issues can be narrowed at this stage in the litigation, however, will work cooperatively to do so when and if the opportunity arises.

## 16. Expedited Schedule

The parties do not believe that this case can, or should, be handled on an expedited basis.

17. **Scheduling**

The parties propose the following case management schedule.[1]

| | |
|---|---|
| 2/15/08 | Plaintiffs to file any motion for class certification and expert reports in support thereof; Plaintiffs to make such expert(s) available for deposition within 30 days of the filing of the motion. |
| 4/15/08 | Defendant to file any opposition to class certification and expert reports in support thereof; Defendant to make such expert(s) available for deposition within 30 days of the filing of opposition to the motion for class certification. |
| 6/16/08 | Plaintiffs to file any reply in support of motion for class certification |
| 6/16/08 | The parties will participate in private mediation following the filing of Plaintiffs' reply brief and prior to an adjudication of Plaintiffs' Motion. |
| 8/15/08 | Deadline for Plaintiffs' disclosure of merits-related experts |
| 9/15/08 | Deadline for Defendant's disclosure of merits-related experts |
| 10/1/08 | Deadline for completion of all non-expert discovery |
| 11/3/08 | Deadline for completion of all expert discovery |
| 1/19/09 | Trial |

18. **Trial**

The parties both agree that the case will be tried to a jury. Plaintiffs believe that the trial will take 7 to 10 days. Defendant believes that the trial will take 15 days.

---

[1] Plaintiffs believe that this schedule is appropriate if discovery proceeds and is not stayed. If discovery is stayed, Plaintiffs believe that any schedule would need to be modified consistent with the length of the stay.

19. **Disclosure of Non-Party Interested Entities or Persons**

The parties have filed the "Certification of Interested Parties or Persons" required by Civil Local Rule 3-16.

DATED: September 13, 2007

                **LEWIS, BRISBOIS, BISGAARD
                & SMITH, LLP**

                By: _/s/ Jon Kardassakis_
                    Roy M. Brisbois (SBN 53222)
                    Jon Kardassakis (SBN 90602)
                    221 North Figueroa Street, Suite 1200
                    Los Angeles, California 90012
                    Telephone: 213.250.1800
                    Facsimile: 213.250.7900
                    Attorneys for Defendant
                    BMW of North America, LLC.

DATED: September 13, 2007

                **SHEPHERD, FINKELMAN, MILLER & SHAH, LLC**

                By: _/s/ James Shah_, signed by Jon Kardassakis with authority to sign from James Shah
                    James C. Shah
                    35 East State Street
                    Media, PA 19063
                    Telephone: (610) 891-9880
                    Facsimile: (610) 891-9883
                    Attorneys for Plaintiffs

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On September 13, 2007, I served the following document(s) described as

**JOINT CASE MANAGEMENT STATEMENT**

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   (BY MAIL, 1013a, 2015.5 C.C.P.)

☐   I deposited such envelope in the mail at Los Angeles, California. the envelope was mailed with postage thereon fully prepaid.

☒   I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 13, 2007, at Los Angeles, California.

_Catherine M. Guerrero_
CATHERINE M. GUERRERO

4842-5958-7585.1

11

C 07-02827 WHA
JOINT CASE MANAGEMENT STATEMENT

## SERVICE LIST

**KEMNITZER, ANDERSON,
BARRON & OGILVIE & BREWER, LLP**
Mark F. Anderson (SBN 44787)
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Fax: (415) 861-3151

James E. Miller
Karen M. Leser (SBN 231189)
SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120

James C. Shah
Nathan C. Zipperian
SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLC
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883