**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROY M. BRISBOIS, SB# 53222
brisbois@lbbslaw.com
JON P. KARDASSAKIS, SB# 90602
kardassakis@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
BMW OF NORTH AMERICA, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORRIS, GLENN R. SEMOW and CHAD J. COOK, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendants. | CASE NO. C 07-02827 WHA <br><br> <u>CLASS ACTION</u> <br><br> DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [F.R.C.P. 12(b)(6) and (9)(b)] <br><br> Date: November 1, 2007 <br> Time: 8:00 a.m. <br> Judge: William H. Alsup |

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

NOTICE is hereby given that on November 1, 2007, at 8:00 a.m., or as soon thereafter as the matter may be heard, defendant BMW of North America, LLC ("BMWNA"), will and does hereby, move the Court, pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice plaintiffs' First Amended Complaint in its entirety, or, in the alternative, dismissing claims as to particular plaintiffs.

This Motion to Dismiss is made on the grounds that plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Plaintiffs are unable

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  to plead a claim under California's Unfair Competition Law ("UCL"), California

2  Business & Professions Code, § 17200, *et seq.*, because plaintiffs did not suffer injury

3  and lose money as a result of the alleged unfair competition.  Plaintiffs did not suffer

4  injury in fact and lose money as a result of an alleged unlawful business practice.

5  Plaintiffs do not allege facts sufficient to state a claim based on an unfair business

6  practice.  Plaintiffs do not allege facts sufficient to state a claim for a fraudulent

7  business practice.  Plaintiffs' First Amended Complaint fails to meet Rule 9(b)

8  standards for pleading a claim based on fraud.  Plaintiffs' Complaint fails to plead a

9  claim for violation of California Consumer Legal Remedies Act ("CLRA").

10  CLRA only applies where there was unfair methods of competition or unfair or

11  deceptive acts or practices "undertaken by a person in a transaction intended to result

12  or which results in the sale or lease of goods" to a consumer.  Cal. Civil Code §

13  1770(a).  BMWNA was not involved in a transaction with these plaintiffs.

14  Additionally, the claim alleging "false or misleading statements" in violation of Cal.

15  Civil Code § 1770(a)(13) fails to meet Rule 9(b) standards.  The claim alleging

16  violation of Cal. Civil Code § 1770(a)(19) fails because it is not unconscionable to

17  exclude tires from a manufacturer's warranty.  Plaintiffs fail to allege facts to support a

18  claim for breach of implied warranty of merchantability as plaintiffs' First Amended

19  Complaint effectively admits that their vehicles provided safe, reliable transportation,

20  for thousands of miles of safe and reliable driving.

21       This motion is based on the files, records and proceedings, this Notice of

22  Motion, the Memorandum of Points and Authorities submitted concurrently, and the

23  argument of counsel.

24  DATED:  September 25_,2007

25                                    LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

26                                    By:_____

27                                         Jon Kardassakis
                                          Attorneys for Defendant
28                                        BMW OF NORTH AMERICA, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
ROY M. BRISBOIS, SB# 53222
brisbois@lbbslaw.com
JON P. KARDASSAKIS, SB# 90602
kardassakis@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
BMW OF NORTH AMERICA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORRIS, GLENN R. SEMOW and CHAD J. COOK, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendants. | CASE NO. C 07-02827 WHA<br><br>CLASS ACTION<br><br>DEFENDANT BMW OF NORTH AMERICA, LLC'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Date: November 1, 2007<br>Time: 8:00 a.m.<br><br>Judge: William H. Alsup |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

# TABLE OF CONTENTS

**Page**

1.   INTRODUCTION ...........................................................................1

2.   PLAINTIFFS MORRIS, SEMOW AND COOK EACH LACK
     STANDING TO BRING A CLAIM UNDER UCL BECAUSE THEY
     DID NOT SUFFER INJURY IN FACT AND LOSE MONEY OR
     PROPERTY AS A RESULT OF THE ALLEGED UNFAIR
     COMPETITION ..........................................................................2

     A.   MORRIS DID NOT LOSE MONEY OR PROPERTY AS A
          RESULT OF THE ALLEGED UNFAIR COMPETITION AS
          HE ADMITS HE ONLY HAD TO PAY FOR TWO OF THE
          FOUR TIRES REPLACED WHICH IS EXACTLY WHAT HE
          CLAIMS HE WAS ENTITLED TO ...........................................4

     B.   SEMOW DID NOT LOSE MONEY OR PROPERTY AS A
          RESULT OF THE ALLEGED UNFAIR COMPETITION
          BECAUSE HIS VEHICLE DID NOT HAVE TURANZA
          TIRES ........................................................................5

     C.   COOK DID NOT LOSE MONEY OR PROPERTY AS A
          RESULT OF THE ALLEGED UNFAIR COMPETITION AS
          PLAINTIFFS ADMIT THE TSB ONLY APPLIED TO TIRES
          WITH LESS THAN 20,000 MILES AND COOK DID NOT
          PAY MONEY TO REPLACE HIS TIRES UNTIL THEY HAD
          MORE THAN 20,000 MILES ...............................................6

     D.   IT IS NOT AN "UNFAIR PRACTICE" TO DECLINE TO
          WARRANT TIRE WEAR ...................................................6

     E.   NO FACTS ARE PLED TO SUPPORT A CLAIM FOR
          FRAUDULENT BUSINESS PRACTICE ......................................7

3.   PLAINTIFFS HAVE NOT AND CANNOT PLEAD A CLAIM FOR
     VIOLATION OF THE CLRA ............................................................9

     A.   THERE WAS NO TRANSACTION BETWEEN BMWNA
          AND PLAINTIFFS AND THE ALLEGATIONS OF FALSE
          OR MISLEADING STATEMENTS DO NOT MEET RULE
          9(b) STANDARDS ...........................................................9

     B.   IT IS NOT UNCONSCIONABLE TO EXCLUDE TIRES
          FROM A MANUFACTURER'S WARRANTY ..............................12

4.   PLAINTIFFS HAVE NOT AND CANNOT PLEAD A CLAIM FOR
     BREACH OF IMPLIED WARRANTY .................................................13

     A.   THE FACTS PLED SHOW THAT THE VEHICLES
          PROVIDED SAFE AND RELIABLE TRANSPORTATION;
          THIS ESTABLISHES THERE WAS NO BREACH OF THE
          IMPLIED WARRANTY OF MERCHANTABILITY ........................13

     B.   THE BREACH OF IMPLIED WARRANTY CLAIM IS

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

BARRED BY A LACK OF PRIVITY ....................................................17

5.    CONCLUSION..................................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

# <u>TABLE OF AUTHORITIES</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Page</u>

Cases

*All West Electronics, Inc. v M-B-W, Inc.,*
    64 Cal.App.4th 717 (1998) ................................................................ 17

*American Suzuki Motor Corp. v. Superior Court,*
    37 Cal.App.4th 1291 (1995) ............................................ 13, 14, 15, 17

*Arnold v. Dow Chemical Co.*
    91 Cal.App.4th 698, 720 (2001) ...................................................... 17

*Bell Atlantic Corp. v. Twombly*
    550 U.S. _, 127 S.Ct. 1955 (2007)............................................. 2, 12

*Cahill v. Liberty Mutual Ins. Co.*
    80 F3d. 336 (9th Cir. 1996) ............................................................... 2

*Carlson v. General Motors Corp.*
    883 F.2d 287 (4th Cir. 1989) ...................................................... 14, 15

*Daugherty v American Honda Motor Co., Inc.*
    142 CalApp.4th 1394 (2006) ............................................................. 7

*Feinstein v. Firestone Tire & Rubber Co.*
    535 F.Supp. 595 (S.D. N.Y. 1982) ............................................. 14, 15

*Klein v Earth Elements, Inc.*
    59 Cal.App.4th 965 (1997) ................................................................ 7

*Meyer v Sprint Spectrum L.P.,*
    150 Cal.App.4th 1136 (2007) ........................................................ 3, 5

*Nordberg v. Trilegiant Corp.*
    445 F.Supp.2d 1082 (N.D. Cal. 2006)...................................... 11. 12

*Saunders v Superior Court*
    27 Cal.App.4th 832 (1994) ................................................................ 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

iii
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Taterka v. Ford Motor Co.*

    (1978) 86 Wis.2d 140 N.W.2d 653 .............................................................. 14

*Vess v. Ciga-Geigy Corp., USA*

    317 F.3d 1097 (9th Cir. 2003) ...................................................... 7, 8, 9

## STATUTES

Cal. Business & Professions Code

    § 17200 .......................................................................................... 3

    § 17204 ...................................................................................... 3, 5

Cal. Civil Code

    §1770 ................................................................ 1, 2, 9, 10, 11,12

    §1795.90 ...................................................................................... 1, 3

    § 1795.92 ........................................................................................ 5

Cal. Commercial Code §2314 ............................................................ 1, 13

California's Unfair Competition Law .................................................. 1

Consumer Legal Remedies Act ........................................................... 1

Uniform Commercial Code section 2-314 ........................................ 15

## RULES

F.R.C.P. 9(b) ................................................................ 2, 7, 8, 9, 10

## OTHER

Proposition 64 ..................................................................................... 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

Defendant BMW of North America, LLC ("BMWNA") is a distributor of BMW automobiles. Plaintiffs complain that certain 2006 and 2007 BMW 3 series vehicles equipped with Turanza EL42 "run-flat" tires or equipped with Potenza RE050 "run flat" tires manufactured by Bridgestone Firestone North American Tire, LLC ("Bridgestone") wear unevenly and prematurely, resulting in a rough ride and excess noise from the tires. (First Amended Complaint ("FAC"), ¶ 2.) Plaintiffs complain that the tires must be replaced prematurely. (FAC, ¶ 2.) The FAC purports to allege three causes of action for (1) violation of California's Unfair Competition Law ("UCL"), Cal. Business & Professions Code ("B&P") §17200 et seq., as a result of an alleged secret warranty program in violation of Cal. Civil Code §1795.90, or other conduct plaintiffs label as an unfair practice or fraudulent business practice; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §1770(a) (13) and (19); and (3) breach of an implied warranty of merchantability, Cal. Commercial Code §2314.

As discussed in more detail below, plaintiffs do not have standing to maintain a claim for violation of the UCL. Following the passage of Proposition 64, a private plaintiff can bring this type of claim only if they suffer injury in fact and lose money or property as a result of an unlawful, unfair or fraudulent business practice. Plaintiffs do not meet that test. The facts pled establish they suffered no injury and did not lose money or property as a result of the acts alleged.

Plaintiffs have not and cannot allege a violation of CLRA against BMWNA because they did not enter into any transaction with BMWNA. Additionally, BMWNA cannot be found to have violated Cal. Civil Code § 1770(a) (13) by "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions" because plaintiffs do not allege facts to support

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  a claim that BMWNA made false or misleading statements.  Plaintiffs allege

2  omissions by BMWNA (see, for example, FAC ¶26), not false or misleading

3  statements.  Plaintiffs' allegations are also insufficient because they do not meet

4  the requirements of FRCP 9(b).  BMWNA cannot be found to have violated Cal.

5  Civil Code §1770(a)(19), which prohibits inserting an unconscionable provision in

6  a contract because, as a matter of law, it is not unconscionable for an automobile

7  manufacturer or distributor to exclude tires from a warranty.  Indeed, plaintiffs do

8  not allege that any automobile manufacturer or distributor warrants tire wear.

9          Plaintiffs cannot state a claim for breach of an implied warranty of

10  merchantability because tire wear is not a basic defect that renders a vehicle unfit

11  for its ordinary purpose of providing transportation.  Also, the implied warranty

12  claim fails because there was no privity between plaintiffs and BMWNA as is

13  required to maintain this claim under California law.

14          In considering this Motion, the court must accept all factual allegations

15  pleaded in the Complaint as true, and construe them and draw reasonable inferences

16  in favor of the non-moving party.  *Cahill v. Liberty Mutual Ins. Co.,* 80 F3d. 336,

17  337-38 (9th Cir. 1996).  It need not, however, accept as true, unreasonable inferences

18  or conclusory allegations cast in the form of factual allegations.  *Bell Atlantic Corp.*

19  *v. Twombly*, 550 U.S. _, 127 S.Ct. 1955, 1964-1965 (2007).  ("While a complaint

20  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

21  allegations (citations omitted), a plaintiff's obligation to provide the 'grounds' of his

22  'entitle[ment] to relief' requires more than labels and conclusions. . . .")

23  **2.      PLAINTIFFS MORRIS, SEMOW AND COOK EACH LACK**

24  **STANDING TO BRING A CLAIM UNDER UCL BECAUSE THEY**

25  **DID NOT SUFFER INJURY IN FACT AND LOSE MONEY OR**

26  **PROPERTY AS A RESULT OF THE ALLEGED UNFAIR**

27  **COMPETITION**

28          To plead a violation of B&P § 17200, *et seq.,* plaintiffs must allege unfair

1  competition which is defined to mean and include "any unlawful, unfair or

2  fraudulent business act or practice and unfair, deceptive, untrue or misleading

3  advertising and any act prohibited by Chapter 1 (commencing with Section 17500)

4  of Part 3 of Division 7 of the Business and Professions Code." B&P § 17200.  In

5  November, 2004, California voters approved Proposition 64, which made

6  substantive changes in B&P § 17204 and other parts of the UCL.  Proposition 64

7  found and declared:

8        These unfair competition laws are being misused by some

9        private attorneys who:

10       (1)    File frivolous lawsuits as a means of generating

11            attorney's fees without creating a corresponding

12            public benefit.

13       (2)    File lawsuits where no client has been injured in

14            fact.

15  (Proposition 64, Section 1(b)(1) and (2).)  Proposition 64 revised B&P § 17204 to

16  prohibit suits by persons other than the Attorney General or district attorneys or a

17  person "who has suffered injury in fact and has lost money or property as a result of

18  such unfair competition."  *Meyer v Sprint Spectrum L.P.*, 150 Cal.App.4th 1136,

19  1139 (2007)(*"Meyer"*) ["To assert a claim under the UCL, an individual plaintiff

20  must have suffered an 'injury in fact' and 'lost money or property as a result of [the

21  alleged] unfair competition."]

22       The FAC's first count purports to plead a violation of California's UCL,

23  based on an unlawful business practice with the unlawful business practice being an

24  alleged violation of Cal. Civil Code §1795.90 et seq. (which the FAC refers to as the

25  "Secret Warranty Act.")  Civil Code §1795.92(a) provides: "A manufacturer shall,

26  within 90 days of the adoption of an adjustment program, subject to priority for

27  safety or emission-related recalls, notify by first-class mail all owners or lessees of

28  motor vehicles eligible under the program of the condition giving rise to and the

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  principal terms and conditions of the program."  Plaintiffs allege BMWNA adopted

2  an adjustment program within the meaning of the Act because in January 2007, it

3  issued Technical Service Bulletin No. SI B 36 06 06 ("TSB").[1]  (FAC, ¶29.)

4  According to the FAC, "The TSB issued by BMW constitutes a secret warranty

5  adjustment program pursuant to which BMW, with respect to the subject vehicles

6  equipped with the Turanza run-flat tires, now (a) automatically pays for full

7  replacement of tires (including 100% of labor) experiencing premature and/or

8  irregular tire wear prior to 10,000 miles, and (b) automatically pays fifty percent

9  (50%) of the replacement of tires (including 100% of labor) experiencing premature

10  and/or irregular tire wear prior to 20,000 miles."  (FAC, ¶31.)  Plaintiffs' claim is

11  that "BMW, however, has failed and refused to notify customers, including Plaintiff

12  Morris, regarding the existence of the secret warranty program in the manner

13  required by the Secret Warranty Act."  (FAC, ¶31.)

### A.  MORRIS DID NOT LOSE MONEY OR PROPERTY AS A RESULT OF THE ALLEGED UNFAIR COMPETITION AS HE ADMITS HE ONLY HAD TO PAY FOR TWO OF THE FOUR TIRES REPLACED WHICH IS EXACTLY WHAT HE CLAIMS HE WAS ENTITLED TO

19  Morris admits his vehicle had at least 15,416 miles on the odometer when he

20  replaced his tires.  (FAC, ¶42.)  According to plaintiffs' theory, pursuant to the

21  TSB, BMWNA should have paid 50% of the replacement of Morris' tires including

22  100% of labor.  Plaintiffs admit Morris received this.  "Morris had all four tires

23  replaced at Sonnen BMW.  He was required to pay for two of the replacement tires,

---

[1] BMWNA denies it committed any violations and its references to plaintiffs' allegations should not in any way be deemed an admission that plaintiffs' allegations are correct or have merit.  For example, plaintiffs mischaracterize the TSB as a warranty program which it is not.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1   at a total cost of $450 plus sales tax." (FAC, ¶42.) His admission that he had four

2   tires replaced, but paid for only two establishes as a matter of law that he did not

3   suffer injury in fact and lose money or property as a result of the alleged violation.

4   Pursuant to B&P §17204, since he did not suffer injury in fact and lose money or

5   property as a result of the alleged violation, Morris has no standing to make a claim

6   under UCL.

7       In an effort to correct this defect, the FAC adds new allegations that "Morris

8   never received statutory notice of the TSB as required by the Secret Warranty Act

9   and was not told that the reason for the reduction in price of the run-flat tires was

10  and is because BMW had adopted a secret warranty adjustment program in light of

11  its determination that the run-flats were and are defective." (FAC, ¶42). These

12  new allegations do not overcome the limitation that B&P §17204 prohibits suits by

13  persons other than the Attorney General or district attorneys or a person "who has

14  lost money or property as a result of such unfair competition." *Meyer v. Sprint*

15  *Spectrum, L.P.* 150 Cal.App.4th 1136, 1139 (2007) (*"Meyer"*) ("To assert a claim

16  under the UCL, an individual plaintiff must have suffered an "injury in fact" and

17  "lost money or property as a result of [the alleged] unfair competition.") Morris

18  did not lose money or property.

19      **B.    SEMOW DID NOT LOSE MONEY OR PROPERTY AS A**

20          **RESULT OF THE ALLEGED UNFAIR COMPETITION**

21          **BECAUSE HIS VEHICLE DID NOT HAVE TURANZA TIRES**

22      Plaintiffs' theory is that "[t]he TSB issued by BMW constitutes a secret

23  warranty adjustment program pursuant to which BMW, with respect to the subject

24  vehicles equipped with the Turanza run-flat tires" pays for replacement of tires

25  subject to stated mileage limitations. (FAC, ¶31, emphasis added). Semow's

26  vehicle did not have Turanza run-flat tires. His vehicle came equipped with

27  Potenza run-flat tires. (FAC, ¶43.) Even assuming for sake of analysis there was

28  a violation of Cal. Civil Code § 1795.92 (which BMWNA does not admit or

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  concede), Semow did not suffer injury in fact and lose money or property as a
2  result of the alleged violation because even if the TSB was a warranty program, it
3  did not apply to the tires on Semow's BMW.

4    **C.    COOK DID NOT LOSE MONEY OR PROPERTY AS A**
5    **RESULT OF THE ALLEGED UNFAIR COMPETITION AS**
6    **PLAINTIFFS ADMIT THE TSB ONLY APPLIED TO TIRES**
7    **WITH LESS THAN 20,000 MILES AND COOK DID NOT PAY**
8    **MONEY TO REPLACE HIS TIRES UNTIL THEY HAD MORE**
9    **THAN 20,000 MILES**

10    The FAC adds a third plaintiff, Chad Cook, and alleges that on or about
11  December 21, 2005, Cook leased a new 2006 BMW 330i equipped with Turanza
12  run-flat tires. (FAC, ¶47). The FAC alleges that on or about October 16, 2006,
13  when Cook's odometer read 17,127 miles, Cook took his BMW to a dealer who
14  noted "tires are worn" and "uneven." (FAC, ¶49). He did not, however, replace
15  any tires at that time. Cook did not lose money or property as a result of replacing
16  tires before 20,000 miles.

17    Cook's tires were not replaced until more than six months later on April 27,
18  2007. (FAC, ¶50). The FAC does not allege how many additional miles Cook
19  drove before his tires needed to be replaced, but concedes that sometime after
20  February 1, 2007, mileage on the vehicle exceeded 20,000 miles. (FAC, ¶50).
21  Cook did not replace tires until April 27, 2007. The facts alleged do not show that
22  Cook suffered "injury in fact" and "lost money or property as a result of (the
23  alleged) unfair competition" as is required under California law. *Meyer* at 1139.

24    **D.    IT IS NOT AN "UNFAIR PRACTICE" TO DECLINE TO**
25    **WARRANT TIRE WEAR**

26    The FAC pleads, "By failing to extend the TSB to the Potenza run-flat tires,
27  and by failing to offer any remedy for the Potenza Class in connection with the
28  premature and irregular tire wear described herein, BMW has engaged in unfair

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  practices under Section 17200 and has violated the Secret Warranty Act because

2  the condition exists in the Potenza run-flat tires is the same in all material respects

3  as the condition that exists in the Turanza run-flat tires." (FAC, ¶72).  To state a

4  claim under the "unfair" prong of the UCL, it is not sufficient that a plaintiff

5  simply label a practice "unfair" in a complaint.  An "unfair" practice under the

6  UCL is one "whose harm to the victim outweighs its benefits." *Saunders v*

7  *Superior* Court, 27 Cal.App.4th 832, 839 (1994).  A plaintiff must, among other

8  things, allege a practice where "the consumer injury is substantial, is not

9  outweighed by any countervailing benefits to consumers or to competition, and is

10  not an injury the consumers themselves could reasonably have avoided."

11  *Daugherty v American Honda Motor Co., Inc.*, 142 CalApp.4th 1394, 1503 (2006).

12  See, also, *Klein v Earth Elements, Inc.*, 59 Cal.App.4th 965 (1997), where the court

13  dismissed the claim.  Plaintiffs do not allege that any automobile manufacturer or

14  distributor warrants tire wear.  Not warranting tire wear is apparently a common, if

15  not standard practice, in the industry.  As a matter of law, a decision not to extend

16  a warranty to tire wear cannot amount to an "unfair" business practice so as to

17  support a claim under UCL.  Plaintiffs fail to plead they suffered actual injury and

18  lost money as a result of an "unfair" business practice.

19  **E.     NO FACTS ARE PLED TO SUPPORT A CLAIM FOR**

20  **FRAUDULENT BUSINESS PRACTICE**

21  The FAC makes passing reference to "fraudulent business practices" (FAC,

22  ¶75) without specifying who, what where or when.  This fails to meet Rule 9(b)

23  standards for a claim premised on fraud.  Federal Rule of Civil Procedure 9(b)

24  provides, in pertinent part, "In all averments of fraud or mistake, the circumstances

25  constituting fraud or mistake shall be stated with particularity . . . ."  "Averments

26  of fraud must be accompanied by 'the who, what, when, where, and how' of the

27  misconduct charged." *Vess v. Ciga-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th

28  Cir. 2003) *("Vess")*.  Rule 9(b) applies to the extent plaintiffs' purport to plead a

1 | violation of the UCL based upon a fraudulent business practice.

2 |      In *Vess,* Vess brought a diversity class action alleging the defendants acted
3 | illegally to increase sales of the drug Ritalin, in violation of the California Legal
4 | Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. and Cal. B&P §§ 17200
5 | and 17500. Vess' complaint alleged the defendants conspired to, among other
6 | things, "fraudulently and falsely" represent that the diagnostic criteria for ADD in
7 | the Diagnostic and Statistical Manual were scientifically reliable and "in an effort
8 | to cover up this fraud" one defendant improperly clustered data. The District
9 | Court dismissed the complaint based on its failure to plead fraud with particularity
10 | as required by Rule 9(b). Vess argued on appeal that Rule 9(b) did not apply to
11 | his state law statutory claims. The Ninth Circuit disagreed: "It is established law
12 | in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to
13 | state-law causes of action." *Vess* at 1103. "Vess is correct that fraud is not an
14 | essential element of California statutes on which he relies. (Citation omitted.) But
15 | he is not correct in concluding that his averments of fraud therefore escape the
16 | requirements of the rule." *Vess* at 1103. As the Ninth Circuit explained:

17 |           In cases where fraud is not a necessary element of a claim,
18 |           a plaintiff may choose nonetheless to allege in the
19 |           complaint that the defendant has engaged in fraudulent
20 |           conduct. In some cases, the plaintiff may allege a unified
21 |           course of fraudulent conduct and rely entirely on that
22 |           course of conduct as the basis of a claim. In that event, the
23 |           claim is said to be "grounded in fraud" or to "sound in
24 |           fraud," and the pleading in that claim as a whole must
25 |           satisfy the particularity requirement of Rule 9(b).
26 |           (Citations omitted.)

27 | *Vess* at 1103-1104. The court recognized that a plaintiff may choose not to allege
28 | a unified course of fraudulent conduct in support of a claim, but rather to allege

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  some fraudulent and some non-fraudulent conduct.  In that event, only the

2  allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

3  Rule 9(b)'s heightened pleading requirements applies to any averment of fraud

4  supporting the claim.  *Vess* at 1104.

5      "If particular averments of fraud are insufficiently pled under Rule 9(b), a

6  district court should 'disregard' those averments, or 'strip' them from the claim.

7  The court should then examine the allegations that remained to determine whether

8  they state a claim." *Vess* at 1105.  Vess purported to plead claims under Cal. Civil

9  Code § 1770 and B&P §§ 17200 and 17500.  The Ninth Circuit held, "To the

10  extent that Vess alleges fraud, his allegations should be 'disregarded,' (citation

11  omitted), or 'stripped from the claim,' (citation omitted), for failure to satisfy Rule

12  9(b)." *Vess* at 1105.

13      The passing reference to "fraudulent business practices," without specific

14  allegations of "the who, what, when, where and how" of the misconduct charged,

15  does not meet Rule 9(b) standards for a claim based on fraud.  That averment

16  must, therefore, be stripped away and cannot support the alleged violation of the

17  UCL.

18  **3.    PLAINTIFFS HAVE NOT AND CANNOT PLEAD A CLAIM FOR**

19  **VIOLATION OF THE CLRA**

20  **A.    THERE WAS NO TRANSACTION BETWEEN BMWNA AND**

21  **PLAINTIFFS AND THE ALLEGATIONS OF FALSE OR**

22  **MISLEADING STATEMENTS DO NOT MEET RULE 9(b)**

23  **STANDARDS**

24      The FAC's second count alleges BMWNA violated Cal. Civil Code

25  §1770(a)(13) and (19).  Section 1770(a) provides, in pertinent part:

26      The following unfair methods of competition and unfair or

27      deceptive acts or practices undertaken by any person in a

28      transaction intended to result or which results in the sale or

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1    lease of goods or services to any consumer are unlawful: . . .

2    (13) Making false or misleading statements of fact

3    concerning reasons for, existence of, or amounts of price

4    reductions. . . .

5    (19) Inserting an unconscionable provision in [a] contract.

6    Plaintiffs do not allege they were involved in a transaction with BMWNA.

7    Additionally, as with the claim of a fraudulent business practice, a claim under

8    Civ. Code § 1770(a)(13) that the defendant made false or misleading statements of

9    fact is a claim premised on fraud. FRCP 9(b) applies and requires plaintiffs to

10   plead the circumstances constituting fraud with particularity. "Averments of fraud

11   must be accompanied by 'the who, what, when, where and how' of the misconduct

12   charged." *Vess*, 317 F3d. 1097, 1106. In conclusory form, the FAC simply

13   alleges, "At all pertinent times, BMW has made false and misleading statements of

14   fact regarding the reason for its reduction of the price of run-flat tires by failing

15   and refusing to disclose the existence of the secret warranty adjustment program at

16   issue, by failing to disclose that the price of certain run-flat tires effectively are

17   being reduced by BMW for certain customers in light of their defective nature and

18   by representing that such price reductions are simply being offered to satisfy

19   customers and/or to recognize the value of customers without disclosing the

20   existence of the secret warranty adjustment program and the reasons for its

21   adoption." (FAC, ¶89). The only particularity is with regard to things plaintiffs

22   allege was not stated. The FAC lacks particularity as to any affirmative, false or

23   misleading statement. There is no averment of who communicated any alleged

24   false or misleading statements. As to why the uninformative averment that it was

25   BMW is insufficient. As to where, the claim that "at all pertinent times" BMW

26   made false statements does not satisfy the rule's requirement of particularized

27   averments as to when. Nothing is alleged about where or how. The allegations of

28   alleged non-disclosure do not save the claim, particularly in the absence of an

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1   allegation of any communications between BMWNA and these plaintiffs, and no

2   facts indicating BMWNA had a duty to find and disclose anything to them.

3       In order to violate §1770(a)(19), the defendant must have inserted an

4   unconscionable provision in a contract. This necessarily requires that the

5   defendant was a party to a transaction with the plaintiffs and was a party to a

6   contract that contained an allegedly unconscionable provision.

7       In *Nordberg v Trilegiant Corp.*, 445 F.Supp.2d 1082 (N.D. Cal. 2006)

8   ("*Nordberg*"), Trilegiant marketed and sold membership programs for goods and

9   services. Plaintiffs were consumers who alleged either that they were

10  automatically enrolled in, and charged membership fees for, defendant's programs

11  simply as a result of accepting a "free" or "no charge" trial memberships or were

12  charged for membership despite no prior contact with defendant or their

13  representatives. Plaintiffs sought to allege violation of CLRA and other claims.

14  The court granted defendants' motion to dismiss as to plaintiff Smith whose claim

15  was that he was charged for membership despite having had no contact

16  whatsoever with the defendants. The court recognized that since he failed to

17  allege any agreement was entered into with the defendants, he had no claim under

18  CLRA:

19          On the other hand, plaintiff Smith's interactions with

20          defendants' agents do not involve any form of

21          "agreement." Indeed, it is the express *lack* of agreement

22          and the subsequent refusal to fully refund the unauthorized

23          charges that lie at the heart of Smith's complaint.

24          Accordingly, Smith has not stated a valid claim under the

25          CLRA; his complaint is better handled as a common law

26          claim for conversion.

27  *Nordberg*, 445 F.Supp.2d 1082 at 1097.

28          Plaintiffs' claims are fatally defective because plaintiffs do not and

1   cannot allege that they entered into a transaction with BMWNA.  BMWNA

2   distributes vehicles to independent authorized dealers who, in turn, sell the

3   vehicles to consumers.  The FAC alleges that "[t]he subject vehicles at issue are

4   manufactured, marketed and sold by BMW through its established network of

5   licensed dealers and distributors." (FAC, ¶21).  Plaintiff "Morris purchased a new

6   2006 BMW 330i … from Courtesy Motors, an authorized BMW dealership

7   located in Chico, California." (FAC, ¶4.)  Plaintiff "Semow purchased a new 2006

8   BMW 330i … from Weatherford BMW, an authorized BMW dealership located in

9   Emeryville, California." (FAC, ¶5.) Plaintiff Cook "leased a new 2006 BMW 330i

10  . . . from Brecht BMW, an authorized BMW dealership located in Escondido,

11  California." (FAC, ¶6).  None of the plaintiffs purchased or leased a vehicle from

12  BMWNA.  CLRA's prohibition against inserting an unconscionable provision in a

13  contract necessarily cannot have been violated where, as here, there was no

14  transaction between the plaintiffs and the defendant.  The facts alleged provide no

15  basis for a claim under Civ. Code § 1770(a) (13) or (19) against BMWNA.

16          **B.    IT IS NOT UNCONSCIONABLE TO EXCLUDE TIRES FROM**

17                  **A MANUFACTURER'S WARRANTY**

18          The FAC alleges, "BMW's express warranty purports to disclaim coverage

19  for tires …." (FAC, ¶ 53.)  Plaintiffs allege "BMW's attempt to disclaim any and

20  all coverage for the run-flat tires, in the face of its knowledge and conduct was

21  unconscionable under all of the circumstances and should be deemed null and

22  void." (FAC, ¶ 53.)  Notably, plaintiffs do not allege that any automobile

23  manufacturer or distributor provides a warranty that extends to the number of

24  miles a consumer can drive before tires must be replaced.  Plaintiffs do not make

25  the absence of a tire wear warranty "unconscionable" simply by alleging that label.

26  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief

27  requires more than labels and conclusions. . . ." *Bell Atlantic v. Twombly,* 550

28  U.S. __, 127 S.Ct. 1955, 1964-65 (2007).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1    Plaintiffs' claim is that Turanza and Potenza run-flat tires are subject to

2  "premature and uneven tire wear (including excessive noise) requiring that the

3  tires be replaced . . ." (FAC, ¶23.)   There is no allegation plaintiffs' vehicles, or

4  any other vehicles equipped with Potenza or Turanza tires, have been involved in

5  accidents or are likely to cause accidents.  The facts alleged do not implicate a

6  safety concern.  When tires wear out, consumers replace them.  The issue here is

7  simply the economic issue of who has to pay for replacement tires.  Nothing in

8  California law supports a claim that is unconscionable for an automobile

9  manufacturer or a distributor not to warrant tire wear.

10  **4.    PLAINTIFFS HAVE NOT AND CANNOT PLEAD A CLAIM FOR**

11  **BREACH OF IMPLIED WARRANTY**

12      **A.    THE FACTS PLED SHOW THAT THE VEHICLES PROVIDED**

13      **SAFE AND RELIABLE TRANSPORTATION; THIS**

14      **ESTABLISHES THERE WAS NO BREACH OF THE IMPLIED**

15      **WARRANTY OF MERCHANTABILITY**

16  California Commercial Code §2314 provides an implied warranty of

17  merchantability.  "Goods to be merchantable must be at least such as (a) Pass

18  without objection in the trade under the contract description; and  … (c) Are fit for

19  the ordinary purposes for which such goods are used …."   Cal. Comm. Code

20  §2314 (2).  A claim for breach of the implied warranty of merchantability requires

21  that a plaintiff plead and prove, among other things, that the product was not fit for

22  the ordinary purpose for which it is used.

23      In *American Suzuki Motor Corp. v. Superior Court*, 37 Cal.App.4th 1291

24  (1995) ("*American Suzuki*"), plaintiffs attempted to plead a class action seeking

25  redress for, among other things, breach of the implied warranty of merchantability,

26  based on allegations the Suzuki Samurai had a high center of gravity, a narrow

27  tread width, and light weight, which combined to create an unacceptable risk of a

28  deadly rollover accident.  Plaintiffs did not allege they had been injured personally

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1    or had incurred any consequential property damage as a result of the design defect.

2    They sought damages "measured by the cost of repairing the inherent safety defect

3    in the Samurai." The trial court found that plaintiffs had presented sufficient

4    evidence tending to show that the Samurai had an "inherent defect" consisting of

5    "a roll-over propensity by reason of a high center of gravity and a narrow [track

6    width]," and certified for class treatment two Commercial Code-based implied

7    warranty counts and a Song-Beverly Act claim. Thereafter, the court denied

8    Suzuki's motion to decertify the class. The Court of Appeal issued a peremptory

9    writ of mandate directing the trial court to vacate its order certifying the class and

10   denying Suzuki's motion to decertify the class, and directing the trial court to enter

11   a new order granting Suzuki's motion to decertify the class. The court explained

12   that the implied warranty of merchantability does not "impose a general

13   requirement that goods precisely fulfill the expectation of the buyer. Instead it

14   provides a minimum level of quality." (Citations omitted.) *American Suzuki* at

15   1296. The court recognized:

16        Courts in other jurisdictions have held that in the case of

17        automobiles, the implied warranty of merchantability can be

18        breached only if the vehicle manifests a defect that is so basic it

19        renders the vehicle unfit for its ordinary purpose of providing

20        transportation. (See *Feinstein v. Firestone Tire & Rubber Co.*

21        ("*Feinstein*"), supra, 535 F.Supp. 595; *Carlson v. General Motors*

22        *Corp.* (4th Cir. 1989) 883 F.2d 287, 297-298, cert. den.; *Taterka v.*

23        *Ford Motor Co.* (1978) 86 Wis.2d 140, 271 N.W.2d 653; *Skelton v.*

24        *General Motors Corp., supra,* 500 F.Supp. 1181, 1191.)

25   *American Suzuki* at 1296. Only a small percentage of the Samurais sold had been

26   involved in a rollover accident. The others had no claim for beach of the implied

27   warranty:

28        Because the vast majority of the Samurais sold to the putative class

1    'did what they were supposed to do for so long as they were

2    supposed to do it' (*Feinstein v. Firestone Tire and Rubber Co.,*

3    *supra*, 535 F.Supp. at p. 603), we conclude that these vehicles

4    remained fit for their ordinary purpose. This being so, their owners

5    are not entitled to assert a breach of implied warranty action against

6    Suzuki . . . .

7  *American Suzuki*, 37 Cal.App.4th 1291, 1298-99.

8      In *Feinstein v. Firestone Tire & Rubber Co.* ("*Feinstein*"), 535 F.Supp. 595

9  (S.D. N.Y. 1982), cited by the court in *American Suzuki*, plaintiffs sought to obtain

10  certification of a class action alleging certain Firestone tires were defective. In

11  denying class certification, the court recognized that the bulk of the putative class

12  owned tires that had not suffered a blow-out and that, accordingly, those putative

13  class members had no claim. "Within the context of a suit for breach of implied

14  warranty a 'defect' is of legal significance only if it renders a tire unfit for its

15  intended purpose; and the undisputed evidence of actual performance is that the

16  majority of the Firestone tires, whatever their imperfections may have been, did

17  not have defects making them unfit for their intended use." *Feinstein* at 604-605.

18      In *Carlson v. General Motors Corp.,* (4th Cir. 1989) 883 F.2d 287, also

19  cited by the court in *American Suzuki*, plaintiffs who had experienced no

20  malfunction sought certification of an implied warranty class alleging that a latent

21  defect caused their vehicles to experience "diminished resale value." ( *Id.* at pp.

22  297-298.) In dismissing these claims the court held that Uniform Commercial

23  Code section 2-314 did not encompass plaintiffs' "loss of resale value claims."

24  The vehicles had "served the traditionally recognized 'purpose' for which

25  automobiles are used. Since cars are designed to provide transportation, the

26  implied warranty of merchantability is simply a guarantee that they will operate in

27  a 'safe condition' and 'substantially free of defects.' [Citation.] Thus, 'where a car

28  can provide safe, reliable transportation[,] it is generally considered

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1  merchantable.' [Citation.]" (*Ibid.*)

2      Here plaintiffs effectively admit their BMW's provided safe, reliable

3  transportation.  Plaintiff Morris purchased his BMW on or about August 4, 2005,

4  and drove for 17 months and 15,416 miles before the dealer recommended his tires

5  be replaced on or about January 15, 2007.  (FAC, ¶ 42.)  He then drove the vehicle

6  for more than two additional months, and some unstated number of additional

7  miles, before he replaced the tires on March 27, 2007.  (FAC, ¶42.)  The FAC does

8  not claim he was involved in an accident or even that he had a flat tire.  The only

9  reasonable conclusion from the facts alleged is that Morris drove the car safely and

10  reliably for something well over 15,416 miles.  The FAC's silence on any

11  subsequent developments implies Morris continues to safely drive the vehicle

12  today.

13      Plaintiff Semow purchased his BMW on or about September 25, 2006.

14  (FAC, ¶43.)  He drove 16,214 miles before a dealer recommended he replace his

15  rear tires. (FAC, ¶ 45.)  He then went to an independent repair facility, which

16  replaced those two tires.  (FAC, ¶45.)  The absence of an allegation regarding any

17  event after he replaced two tires on December 23, 2006 implies that he continues

18  to safely drive the vehicle and apparently is still driving on the two original tires

19  that he does not allege have ever been replaced.

20      Plaintiff Cook replaced his tires on April 27, 2007.  (FAC, ¶51).  The

21  mileage at that time is not disclosed.  But he drove in excess of 20,000 miles

22  before replacing the tires as the FAC alleges "[t]he mileage on Cook's BMW did

23  not exceed 20,000 miles until sometime after February 1, 2007 . . ."  (FAC, ¶50)

24  and he drove for almost three more months before replacing the tires on April 27,

25  2007.  (FAC, ¶51).  Cook apparently continues to safely drive his BMW.  There is

26  no allegation of an accident, or even a flat tire.

27      Consumers expect tires to wear out and will have to be replaced.  How

28  many miles a particular vehicle gets before its tires need replacement can vary

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1   widely and is heavily influenced by, among other things, whether the vehicle has

2   been properly maintained (including keeping the tires properly inflated), and the

3   type of driving done.  BMWNA did not warrant any particular tire life on

4   plaintiffs' tires.   In fact, BMWNA does not warrant any tires.  As the court held in

5   *American Suzuki,* "the implied warranty of merchantability does not 'impose a

6   general requirement that goods precisely fulfill the expectation of the buyer.

7   Instead it provides a minimum level of quality.'"  (Citations omitted.)  *American*

8   *Suzuki* at 1296.  The facts pled establish that the vehicles these plaintiffs purchased

9   greatly exceeded the test of providing a minimum level of quality. As a matter of

10  law, the count for breach of the implied warranty of merchantability fails to state a

11  claim upon which relief may be granted.  It should be dismissed.

12  **B.    THE BREACH OF IMPLIED WARRANTY CLAIM IS BARRED**

13  **BY A LACK OF PRIVITY**

14       "Privity of contract is a prerequisite in California for recovery on a theory of

15  breach of implied warranties of fitness and merchantability.  The general rule is

16  that … there is no privity between the original seller and a subsequent purchaser

17  who is in no way a party to the original sale." *All West Electronics, Inc. v M-B-W,*

18  *Inc.,* 64 Cal.App.4[th] 717, 724 (1998); *Arnold v. Dow Chemical Co.,* 91

19  Cal.App.4th 698, 720 (2001) ("*Arnold*").  Exceptions to the general rule have been

20  recognized in the case of foodstuffs, drugs, and pesticides. *Arnold* at 720.  No

21  exception is applicable here.

22       Facts pled in the FAC establish the privity requirement cannot be met here.

23  Plaintiff Morris purchased his BMW from Courtesy Motors, an authorized BMW

24  dealership in Chico, California.  (FAC, ¶4.)  Plaintiff Semow purchased his

25  vehicle from Weatherford BMW, an authorized BMW dealership located in

26  Emeryville, California.  (FAC, ¶ 5.)  Plaintiff Cook leased his BMW from Brecht

27  BMW, an authorized BMW dealership in Escondido, California.  (FAC, ¶6.)

28  Because plaintiffs concede they did not purchase their vehicles from defendant

1  BMWNA, there is no privity.  On this separate and additional basis, the third court

2  should be dismissed.

3  **5.       CONCLUSION**

4       Plaintiffs have not pled and cannot plead claims for violation of the UCL,

5  CLRA or for breach of the implied warranty of merchantability.  Accordingly, the

6  court should dismiss each count and the FAC in its entirety.

7  DATED:  September 25, 2007            Respectfully submitted,

8

9                                  LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

10                          By:_____

11                                  Jon Kardassakis

12                                  Attorneys for Defendant

                                    BMW of North America, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

  On September 25, 2007, I served the following document(s) described as

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'AMENDED COMPLAINT**

 on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  (BY MAIL, 1013a, 2015.5 C.C.P.)

  □  I deposited such envelope in the mail at Los Angeles, California.  the envelope was mailed with postage thereon fully prepaid.

  ☒  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on September 25, 2007, at Los Angeles, California.

_Catherine M. Guerrero_
CATHERINE M. GUERRERO

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

4843-8330-9313.1              C 07-02827 WHA

SERVICE LIST

1

2 **Morris, et al. v. BMW of North America, LLC**

3 USDC Case NO. c 07-02827 WHA

4 Mark F. Anderson, Esq.

5 KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
445 Bush Street, 6th Floor

6 San Francisco, CA 94108
415/861-2265

7 FAX: 415/861-3151

8 **Attorneys for Plaintiffs**

9
James E. Miller, Esq.

10 Karen M. Leser, Esq.

11 SHEPHER, FINKELMAN, MILLER & SHAH, LLC
65 Main Street

12 Chester, CT 06412
860-526-1100

13 FAX: 860-526-1120

14 **Attorneys for Plaintiffs**

15
James C. Shah, Esq.

16 Nathan C. Zipperian

17 SHEPHER, FINKELMAN, MILLER & SHAH, LLC
35 East State Street

18 Media, PA 19063
610/891-9880

19 610/891-9883

20 **Attorneys for Plaintiffs**

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800