ROY M. BRISBOIS, SB# 53222
  E-Mail: brisbois@lbbslaw.com
JON P. KARDASSAKIS, SB# 90602
  E-Mail: kardassakis@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
BMW of North America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MORRIS, GLENN R. SEMOW and CHAD J. COOK, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW of NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 07-CV-02827-WHA<br><br>Class Action<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR A TRIAL BY JURY** |

Defendant BMW of North America, LLC ("BMW NA") answers the FIRST AMENDED COMPLAINT filed on or about August 31, 2007, as follows:

1. Responding to paragraph 1, BMW NA admits that plaintiffs purport to bring this action to obtain restitution, disgorgement, injunctive and other relief individually and on behalf of the proposed classes defined in the FIRST AMEMDED COMPLAINT (the "Classes" or collectively, the "Class"). BMW NA denies plaintiffs, or any of them, are entitled to this relief, denies this suit is appropriate for treatment as a class action and denies the claims alleged have merit.

2.   Responding to paragraph 2, BMW NA denies it has violated applicable law in connection with the claims alleged. BMW NA admits that it distributes/distributed 2006 and 2007 3 Series vehicles equipped with Bridgestone run-flat tires and that noises caused by tire wear on some of these tires may be objectionable to some customers. It also admits that some customers replaced their run-flat tires after less than 20,000 miles. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

3.   Responding to paragraph 3, the Court's Order filed November 7, 2007 dismisses the *Consumer Legal Remedies Act* ("CLRA"), Civil Code §1750 et seq., claims as to all plaintiffs and dismisses the *Unfair Competition Law* ("UCL" or "Section 17200"), *Business and Professions Code* §17200 et seq., claims brought by plaintiffs Morris and Semow. BMW NA admits that Cook purports to assert a claim pursuant to the UCL and admits that all three plaintiffs purport to assert claims individually and/or collectively under the *Song-Beverly Act, Civil Code* §1790 et seq., on behalf of themselves and a purported class, but BMW NA denies this suit is appropriate for treatment as a class action and denies the claims alleged have merit. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

4.   Responding to paragraph 4, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

5.   Responding to paragraph 5, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

6.   Responding to paragraph 6, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

7.   Responding to paragraph 7, BMW NA admits that it is a Delaware

corporation with its principal place of business in New Jersey and does business throughout California, including throughout this judicial district. BMW NA admits it maintains a regional office in Ontario, San Bernardino County, California. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

8. Responding to paragraph 8, BMW NA admits the action purports to be brought to remedy alleged violations of state consumer protection and related statutes based upon the design, manufacture, marketing, distribution and/or sale of the subject vehicles. BMW NA denies the claims alleged have merit.

9. Responding to paragraph 9, BMW NA admits this court has subject matter jurisdiction over this matter pursuant to *28 U.S.C.* §1332, that plaintiffs' allege the amount in controversy exceeds $5,000,000, that the action is brought as a class action and that members of the purported class are citizens of states other than that of the Defendant. All remaining averments are denied.

10. Responding to paragraph 10, BMW NA admits that it does business in this district but it does not have sufficient information or belief to admit or deny the averments made in this paragraph regarding where plaintiffs reside, and on that basis, denies these averments. BMW NA denies all remaining averments in this paragraph.

11. Responding to paragraph 11, BMW NA admits California law applies to the claims pled in the First Amended Complaint.

12. Responding to paragraph 12, BMW NA admits plaintiffs purport to bring this action as a class action pursuant to *Federal Rule of Civil Procedure* 23 (a) and (b)(3), on behalf of themselves and a Turanza Class and a Potenza Class, excluding from the Classes Defendant and certain others and plaintiffs purport to reserve the right to amend their Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified. BMW NA denies this suit is appropriate for treatment as a class action and denies the claims alleged have merit.

13. Responding to paragraph 13, BMW NA admits that there are numerous current and former owners and lessees of 2006 and 2007 BMW 3 series vehicles equipped with Turanza and/or Potenza run-flat tires sold or leased in California. BMW NA denies plaintiffs have proposed appropriate class definitions. BMW NA denies the members of the purported classes as defined by plaintiffs are readily identifiable from information and records in Defendant's possession, custody or control. The remaining averments in this paragraph are so vague and ambiguous that BMW NA does not have sufficient information or belief to admit or deny those averments, and on this basis, denies the remaining averments in this paragraph.

14. Responding to paragraph 14, BMW NA denies the averments made in this paragraph.

15. Responding to paragraph 15, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on this basis, denies these averments.

16. Responding to paragraph 16, BMW NA admits plaintiffs have retained attorneys experienced in class action and complex litigation. BMW NA does not have sufficient information and belief to admit or deny the other averments made in this paragraph, and on this basis, denies these averments.

17. Responding to paragraph 17, BMW NA denies that a class action is superior to all other available methods for the fair and efficient adjudication of this controversy and denies plaintiffs purported reasons.

18. Responding to paragraph 18, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on this basis, denies these averments.

19. Responding to paragraph 19, admit that BMW NA has access to some, but not all, of the address information for the members of the purported class and that such information may be used for purposes of providing notice of the pendency of this action. Except as expressly admitted, all remaining averments in this paragraph

are denied.

20. Responding to paragraph 20, BMW NA admits plaintiffs purport to bring this action on behalf of all current and former owners and lessees of the subject vehicles sold or leased in California but BMW NA denies this suit is appropriate for treatment as a class action and denies the claims alleged have merit.

21. Responding to paragraph 21, BMW NA denies that the subject vehicles are manufactured by BMW NA. BMW NA admits that it distributed the subject vehicles to authorized BMW dealers. BMW NA denies the remaining averments in this paragraph.

22. Responding to paragraph 22, BMW NA admits Turanza and Potenza run-flat tires are manufactured by Bridgestone and are furnished by Bridgestone for the express purpose of placing them on the subject vehicles prior to distribution and sale of the vehicles to the public. Plaintiffs' averment that the Turanza run-flat tires are placed on the majority of the subject vehicles is too vague to respond to and BMW NA denies this averment on this basis. BMW NA admits the Potenza run-flat tires are placed on certain versions of the subject vehicles equipped with a "Sport" package. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

23. Responding to paragraph 23, BMW NA denies the averments made in this paragraph.

24. Responding to paragraph 24, BMW NA denies the averments made in this paragraph.

25. Responding to paragraph 25, BMW NA denies the averments made in this paragraph.

26. Responding to paragraph 26, BMW NA denies the averments made in this paragraph.

27. Responding to paragraph 27, BMW NA denies the averments made in this paragraph.

28. Responding to paragraph 28, BMW NA denies that "hundreds, if not thousands, of purchasers and lessees of the subject vehicles have complained about premature tire wear and noise caused by the tires" to BMW NA. BMW NA does not have sufficient information and belief to admit or deny the remaining averments made in this paragraph, and on this basis, denies these averments.

29. Responding to paragraph 29, BMW NA admits the issuance in January 2007 of Technical Service Bulletin No. SI B 36 06 06 ("TSB"), whose subject is Noise Caused by Irregular Tire Wear. BMW NA denies the remaining averments in this paragraph.

30. Responding to paragraph 30, BMW NA admits that TSB did not expressly reference the Potenza run-flat tires. BMW NA denies the remaining averments made in this paragraph.

31. Responding to paragraph 31, BMW NA admits it did not notify customers, including Plaintiff Morris, of the existence of the TSB. BMW NA denies that the TSB constitutes a secret warranty program. BMW NA denies the remaining averments in this paragraph.

32. Responding to paragraph 32, BMW NA denies the averments made in this paragraph.

33. Responding to paragraph 33, BMW NA admits that it did not notify owners and lessees of the subject vehicles equipped with the Turanza Run-flat tires as to the existence of a warranty program (because no such "secret warranty program" existed) and BMW NA admits it has not established a procedure to reimburse consumers alleged to be eligible pursuant to an adjustment program as defined in *California Civil Code* §1795.90, et seq. because the TSB does not constitute a warranty program or an adjustment program within the meaning of that statutory scheme. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

34. Responding to paragraph 34, BMW NA admits that customers are

required to pay 50% of the cost of the tires between 10,000 and 20,000 miles and that the TSB does not extend to Potenza tires. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

35. Responding to paragraph 35, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

36. Responding to paragraph 36, BMW NA denies the averments made in this paragraph.

37. Responding to paragraph 37, BMW NA did not misrepresent and conceal material information regarding tire wear. BMW NA does not have sufficient information or belief to admit or deny the remaining averments made in this paragraph, and on that basis, denies these averments.

38. Responding to paragraph 38, BMW NA denies the averments made in this paragraph.

39. Responding to paragraph 39, BMW NA denies the averments made in this paragraph.

40. Responding to paragraph 40, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

41. Responding to paragraph 41, BMW NA admits that it did not communicate to plaintiff Morris, at the time he is alleged to have purchased a new 2006 BMW 330i equipped with Turanza Run-flat tires, that the Turanza Run-flat tires were defective and would experience premature and uneven tread wear (and attendant loud noise) requiring that the tires be replaced, often after being used for less than 10,000. BMW NA denies that there was any basis for BMW NA to make any such disclosure to Morris at the time he is alleged to have purchased his vehicle.

42. Responding to paragraph 42, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on

that basis, denies these averments.

43. Responding to paragraph 43, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

44. Responding to paragraph 44, BMW NA admits that it did not communicate to plaintiff Semow, at the time he is alleged to have purchased a new 2006 BMW 330i equipped with Potenza Run-flat tires, that the Potenza Run-flat tires were defective and would experience premature and uneven tread wear (and attendant loud noise) requiring that the tires be replaced, often after being used for less than 10,000. BMW NA denies that there was any basis for BMW NA to make any such disclosure to Semow at the time he is alleged to have purchased his vehicle.

45. Responding to paragraph 45, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

46. Responding to paragraph 46, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

47. Responding to paragraph 47, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

48. Responding to paragraph 48, BMW NA admits that it did not communicate to plaintiff Cook, at the time he is alleged to have leased a new 2006 BMW 330i equipped with Turanza Run-flat tires, that the Turanza Run-flat tires were defective and would experience premature and uneven tread wear (and attendant loud noise) requiring that the tires be replaced, often after being used for less than 10,000. BMW NA denies that there was any basis for BMW NA to make any such disclosure to Cook at the time he is alleged to have leased his vehicle.

49. Responding to paragraph 49, BMW NA does not have sufficient

information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

50. Responding to paragraph 50, BMW NA denies that in January 2007 it adopted an adjustment program within the meaning of the Secret Warranty Act. BMW NA had no duty to "provide statutory notice to Cook of the existence of the program's existence (because no such "secret warranty program" existed). BMW NA does not have sufficient information or belief to admit or deny the remaining averments made in this paragraph, and on that basis, denies these averments.

51. Responding to paragraph 51, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

52. Responding to paragraph 52, BMW NA admits that it provides a written warranty in connection with BMW vehicles that it distributes. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

53. Responding to paragraph 53, BMW NA admits that the written warranty it provides does not extend coverage for tire tread wear. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

54. Responding to paragraph 54, the averments made in this paragraph are argumentative rather than factual in nature and are, therefore, not readily susceptible to a plain statement that BMW NA admits or denies the averments. BMW NA does not have sufficient information or belief to admit or deny what information was available to plaintiffs at various times and does not have sufficient information or belief to admit or deny what led them and other putative class members to conclude that their vehicles and the run-flat tires were of high and merchantable quality. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

55. Responding to paragraph 55, BMW NA denies the averments made in this paragraph.

56. Responding to paragraph 56, BMW NA admits that the warranty supplied by BMW NA in connection with vehicles it distributes uses a standard form and is uniform. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

57. Responding to paragraph 57, BMW NA denies the averments made in this paragraph.

58. Responding to paragraph 58, BMW NA denies the averments made in this paragraph.

59. Responding to paragraph 58, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

60. Responding to paragraph 60 BMW NA denies the averments made in this paragraph.

61. Responding to paragraph 61, this paragraph simply realleges and incorporates prior allegations by reference as if set forth fully herein. BMW NA responds by incorporating by reference its answer to those averments as if set forth fully herein.

62. Responding to paragraph 62, BMW NA admits that plaintiffs purport to bring this cause of action on behalf of themselves and on behalf of the Class. The Court's Order filed November 7, 2007 dismisses this claim as brought by plaintiffs Morris and Semow and the claim remains as to the plaintiff Cook only. BMW NA denies this suit is appropriate for treatment as a class action.

63. Responding to paragraph 63, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

64. Responding to paragraph 64, BMW NA admits that BMW NA is and was at relevant times, a "manufacturer" as that term is defined in *California Civil Code* §1795.90(b).

65. Responding to paragraph 65, BMW NA denies the averments made in this paragraph.

66. Responding to paragraph 66, BMW NA denies the averments made in this paragraph.

67. Responding to paragraph 67, BMW NA denies it has established an adjustment program as defined in *California Civil Code* §1795.90(d), and for that reason, denies it had a duty pursuant to *Civil Code* §1795.92 to provide notice. BMW NA denies the remaining averments in this paragraph.

68. Responding to paragraph 68, denies it established an "adjustment program" as defined in *Civil Code* §1795.90(b) and therefore, had no duty to establish a procedure to reimburse plaintiffs Cook and Morris, as well as other consumers who incurred expenses for repair of a condition (i.e., replacement of tires) prior to acquiring knowledge of any adjustment program. BMW NA denies the remaining averments in this paragraph.

69. Responding to paragraph 69, BMW NA denies the averments made in this paragraph.

70. Responding to paragraph 70, BMW NA denies the averments made in this paragraph.

71. Responding to paragraph 71, BMW NA denies it established a secret warranty program. BMW NA denies the remaining averments made in this paragraph.

72. Responding to paragraph 72, BMW NA denies the averments made in this paragraph.

73. Responding to paragraph 73, BMW NA denies the averments made in this paragraph.

74. Responding to paragraph 74, BMW NA does not have sufficient information or belief to admit or deny the averments that plaintiffs Semow and Cook have been required to pay for labor costs associated with replacing tires, and on that

basis denies these averments. BMW NA denies the remaining averments made in this paragraph.

75. Responding to paragraph 75, BMW NA denies the averments made in this paragraph.

76. Responding to paragraph 76, BMW NA denies the averments made in this paragraph.

77. Responding to paragraph 77, BMW NA denies the averments made in this paragraph.

78. Responding to paragraph 78, BMW NA denies the averments made in this paragraph.

79. Responding to paragraph 79, BMW NA denies it has violated Section 17200 and denies it has violated *California Civil Code* §1795.90 (which the First Amended Complaint refers to as the Secret Warranty Act) and denies that BMW NA has not complied with all of its obligations under Section 17200 and Civil Code.

80. Responding to paragraph 80, BMW NA admits plaintiffs purport to seek a court order requiring defendant to immediately desist the above-described acts of alleged unfair competition and for further relief which plaintiffs allege is available. Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

81. Responding to paragraph 81, this paragraph simply realleges and incorporates prior allegations by reference as if set forth fully herein. BMW NA responds by incorporating by reference its answer to those averments as if set forth fully herein. Additionally, the court's Order filed November 7, 2007 dismisses the claim alleging violations of the CLRA.

82. Responding to paragraphs 82 through and including 96, this claim has been dismissed by the Court's Order filed on November 7, 2007. Accordingly, no response is required to these averments. To the extent any response is required, BMW NA denies the averments made regarding this claim.

83. Responding to paragraph 97, this paragraph simply realleges and incorporates prior allegations by reference as if set forth fully herein. BMW NA responds by incorporating by reference its answer to those averments as if set forth fully herein.

84. Responding to paragraph 98, BMW NA admits that "consumer goods" is defined in *California Civil Code* §1791(a) to mean "any new product or part thereof that is used, bought or leased for use primarily for personal, family or household purposes, except for clothing and consumables, "consumer goods" shall include new and used assisted devices sold at retail." BMW NA does not have sufficient information to determine whether the vehicles were used, bought or leased for use primarily for personal, family or household purposes. On this basis, BMW NA denies the averments made in this paragraph.

85. Responding to paragraph 99, BMW NA admits that it is a "distributor" as that term is defined by *Cal. Civil Code* §1791(e). Except as expressly admitted, BMW NA denies the remaining averments made in this paragraph.

86. Responding to paragraph 100, BMW NA does not have sufficient information or belief to admit or deny the averments made in this paragraph, and on that basis, denies these averments.

87. Responding to paragraph 101, BMW NA denies the averments made in this paragraph.

88. Responding to paragraph 102, BMW NA denies the averments made in this paragraph.

89. Responding to paragraph 103, BMW NA denies the averments made in this paragraph.

90. Responding to paragraph 104, BMW NA denies the averments made in this paragraph.

91. Responding to paragraph 1025 BMW NA denies the averments made in this paragraph.

92. Responding to paragraph 106, BMW NA denies the averments made in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

93. The complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

94. Plaintiffs' action is not properly maintained as a class action because the requirements under federal law for certification are not met and certification of the proposed class would result in denial of due process to this defendant and the putative class.

### THIRD AFFIRMATIVE DEFENSE

95. The asserted claims are barred to the extent that there is no legal injury, including, for example, no injury to persons who leased the vehicles in question and experienced no problems.

### FOURTH AFFIRMATIVE DEFENSE

96. Any claims for damages or other monetary recovery by Plaintiffs or on behalf of persons claimed to be members of the purported class, must be offset and reduced by the value received from the vehicles purchased or leased.

### FIFTH AFFIRMATIVE DEFENSE

97. Any unjust enrichment claim is barred to the extent no direct benefit was conferred to this defendant.

### SIXTH AFFIRMATIVE DEFENSE

98. Plaintiffs and putative class members are time-barred, in whole or in part, under the applicable statute of limitations, statute of repose, or by the doctrines of waiver, estoppel, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

99. Plaintiffs and putative class members may be barred, in whole or in part, from recovery because they have made statements or taken actions, which estop them from asserting their claims.

### EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations Re: Implied Warranty of Merchantability Under Song-Beverly Act)

100. *California Civil Code* §1791.1 provides, in pertinent part, "(c) The duration of the implied warranty of merchantability and where present the implied warranty of fitness shall be co-extensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable; that in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer. Where no duration for an express warranty is stated with respect to consumer goods, or parts thereof, the duration of the implied warranty shall be the maximum prescribed above."

Any claim by these plaintiffs and putative class members is barred as result of the duration of the warranty having expired prior to plaintiffs' complaining and/or the initiation of this suit.

### NINTH AFFIRMATIVE DEFENSE

101. Plaintiffs and putative class members may be barred from recovery, in whole or in part, due to the intervening cause of another party.

### TENTH AFFIRMATIVE DEFENSE

102. The asserted claims are barred to the extent any injury sustained by Plaintiffs or putative class members was caused by their own negligent conduct. Further, Plaintiffs and putative class members who misused and/or abused the vehicles are barred, in whole or in part, from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claim to a class action should be denied because variations from driver to driver and type of driving preclude classwide proof.

### TWELFTH AFFIRMATIVE DEFENSE

104. Plaintiffs and putative class members whose vehicles have been altered

are barred, in whole or in part, from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

105. Plaintiffs and putative class members whose vehicles have been sold, destroyed, or otherwise disposed of may be barred, in whole or in part, from recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

106. Plaintiffs and putative class members may be barred from recovery, in whole or in part, if in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

107. Plaintiffs and putative class members may not seek equitable relief because they have an adequate remedy at law.

### SIXTEENTH AFFIRMATIVE DEFENSE

108. The claims of Plaintiffs and the putative class are barred to the extent they failed to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Primary Jurisdiction)

109. The complaint, and each claim for relief, is barred in whole or in part because the United States Department of Transportation and NHTSA have primary jurisdiction over the matter, which is the subject of the complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Release)

110. If any plaintiff or other persons claiming to be members of the purported class have released claims, they may be barred from recovery, in whole or in part, by release(s) provided.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

111. If any plaintiff or other persons claiming to be members of the purported

class members have accepted accord and satisfaction, they may be barred from recovery, in whole or in part, on the ground that they are subject to the defense of accord and satisfaction.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Misuse)

112. Plaintiffs or other putative class members' claims are barred or limited to the extent they failed to properly maintain their vehicle.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

113. Plaintiffs or any other purported class members' claim are barred to the extent they engaged in unlawful, inequitable or improper conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

114. The asserted claims are barred, in whole or in part, because Plaintiffs and the putative class members cannot meet their burden of showing that any acts, conduct, or statement or omissions on the part of this defendant were likely to mislead the public.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

115. The asserted claims are barred, in whole or in part, because Plaintiffs and putative class members were not actually deceived by any statements or omissions on the part of this defendant in deciding whether to purchase or lease the vehicles that are the subject of this lawsuit.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

116. This defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses that govern the claims asserted by Plaintiffs and on behalf of persons claimed to be members of the purported class. This defendant reserves the right to assert additional defenses as appropriate.

BMW of North America, LLC prays that:

1. Plaintiffs and the purported class be awarded no relief of any sort;
2. Judgment be entered in favor of BMW of North America, LLC;
3. Costs and fees be awarded in favor of BMW of North America, LLC; and
4. For such other and further relief as the court deems appropriate.

## DEMAND FOR A TRIAL BY JURY

BMW of North America, LLC demands a trial by jury on all issues triable by jury as a matter of right.

Dated: November 30, 2007

Respectfully submitted,

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

By: _____Jon P Kardassakis (rm)_____
ROY M. BRISBOIS,
JON P. KARDASSAKIS,
**Attorneys for Defendant**
**BMW of North America, LLC**